IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD WAYNE PARKER,

    Petitioner,                   2:11-cv-03296 KJM KJN P

    vs.

MICHAEL BABCOCK,
Warden, FCI Herlong,

    Respondent.                <u>ORDER</u>

_____/

        Petitioner is a federal prisoner, proceeding without counsel, in this putative habeas corpus action filed on December 12, 2011, pursuant to 28 U.S.C. § 2241. Petitioner has paid the filing fee ($5.00).

        Review of the petition and two subsequently-filed "supplements" (Dkt. Nos. 1, 3, 7), indicates that petitioner is challenging the alleged failure of federal prison officials to place, in petitioner's medical file, his prepared "advance directive" and "living will," intended to assist petitioner's family in making medical decisions for petitioner should the need arise. There does

////

////

////

1

not appear to be any exigent medical circumstance warranting expedited action by the court.[1]

The relief petitioner seeks is not available through a habeas action. See e.g. Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010) ("a habeas court has the power to release a prisoner, but has no other power") (citations and internal quotations omitted). Petitioner's claim must be raised pursuant to a civil rights complaint, rather than through a habeas petition. Additionally, because petitioner challenges the actions of federal employees, his civil rights claims must be brought under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983, which applies only to state action. See Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997) ("by its very terms, § 1983 precludes liability in federal government actors").

The court declines to construe the instant habeas petition as a civil rights action, despite discretion to do so. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971), superseded by statute on other grounds, 42 U.S.C. §§ 1997e et seq. A civil rights complaint must be accompanied with payment of a significantly higher filing fee ($350.00), or an application to proceed in forma pauperis, authorization of which nevertheless requires payment of the full fee through periodic withdrawals from the plaintiff's prison trust account, even if the case is dismissed on initial screening. Therefore, the court will defer to petitioner's decision whether to re-file this matter as a civil rights action, together with payment of the applicable filing fee, or submission of an in forma pauperis application.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed without prejudice; petitioner may challenge the same matter in a newly-filed civil rights action.

////

---

[1] Similarly, plaintiff has not indicated why he could not simply send those completed forms to his family, rather than pursuing litigation requiring that they be part of his medical record while he is incarcerated.

2. The Clerk of Court is directed to send petitioner the forms used in this district for: (a) requesting in forma pauperis status, and (b) filing a <u>Bivens</u> civil rights action.

DATED: December 30, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

park3296.dsms